IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 12, 2005 Session

## STATE OF TENNESSEE v. RICHARD GASTINEAU

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-02272    Chris Craft, Judge**

_____

**No. W2004-02428-CCA-R3-CD  - Filed December 14, 2005**

_____

The appellant, Richard Gastineau, pled guilty in the Shelby County Criminal Court to reckless driving, and the trial court sentenced him to a six-month suspended sentence and fined him five hundred dollars.  The trial court also sua sponte ruled that the appellant had violated the implied consent law and revoked his driver's license for one year.  In this appeal, the appellant claims that the trial court erred by finding that he violated the implied consent law and by revoking his driver's license.  Upon review of the record and the parties' briefs, we conclude that the trial court lacked jurisdiction over the implied consent law violation and reverse the judgment of the trial court.  We also remand the case to the trial court in order for it to clarify on the record whether the appellant should receive judicial diversion for the reckless driving conviction.

**Appeal Pursuant to Tenn. Code Ann. § 27-8-101;[1] Judgment of the Circuit Court is**
**Reversed and Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Richard Gastineau.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and James A. Wax, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

---

[1]In an April 25, 2005, order, this court determined that the appellant's appeal failed to qualify as an appeal as of right pursuant to Rule 3, Tennessee Rule of Appellate Procedure, but that this court should review the appeal as a writ of certiorari pursuant to Tennessee Code Annotated section 27-8-101.

The record reflects that on September 28, 2003, the appellant was driving a black Honda Prelude that almost broadsided an unmarked police car being driven by Sergeant Smallwood. Sergeant Smallwood began following the appellant and saw him run a stop sign. When the appellant stopped the Honda, Sergeant Smallwood approached the car and noticed a strong odor of alcohol. The appellant also had slurred speech and bloodshot and watery eyes. The officer asked the appellant to perform field sobriety tests and informed him about the implied consent law. The appellant refused to consent to a test for the purpose of determining the alcoholic or drug content of his blood. According to the affidavit of complaint filed in the case, the appellant was arrested for driving under the influence (DUI), reckless driving, driving without a license, public intoxication, and violating the implied consent law.

In March 2004, a grand jury indicted the appellant for DUI and reckless driving. Pursuant to a plea agreement, the State nolle prosequied the DUI charge and the appellant agreed to plead guilty to reckless driving, receive a six-month sentence, and pay a five hundred dollar fine. At the September 9, 2004, guilty plea hearing, the appellant pled guilty to reckless driving and received the agreed upon sentence. After reciting the rights the appellant was relinquishing by pleading guilty, the trial court advised the appellant that he was entitled to a hearing "for me to decide whether or not you refused the test." The appellant argued that he could not be found to have violated the implied consent law because the grand jury never charged him with that offense and he never received notice. The trial court stated that any indictment charging the appellant with violating the implied consent law would have been a nullity because violating the implied consent law is not a crime. The court then scheduled a hearing for October 4, 2004, to determine whether the appellant had violated the implied consent law. At the hearing, the appellant again argued that the trial court could not find that he violated the implied consent law because "the State has to initiate something by some form of pleading or an indictment or something of that nature." The trial court stated as follows:

> So I find in this case that he was initially charged with [violating the implied consent law] even though it wasn't a crime, the charging instrument being the affidavit of complaint which was in the jacket. He entered a guilty plea to Count Two of the indictment, reckless driving and the DUI was dismissed. The indictment did not charge him with failure to take the test as it's not a crime.
> So he has entered a guilty plea to reckless driving to the indictment, which is a separate charging instrument than the affidavit of complaint which had charged him with failure to take the test.

The trial court concluded that the appellant had violated the implied consent law and revoked his driver's license for one year.

## II. Analysis

The appellant claims that the trial court erred by sua sponte finding that he had violated the implied consent law. He contends that the trial court could not find that he had violated the implied

consent law because the grand jury never charged him with that offense and no warrant alleged that he committed the offense. The State contends that the statute governing implied consent violations does not specify what charging instrument must be used to charge a defendant with an implied consent law violation and that an indictment was not required. Moreover, the State contends that a trial court must enforce the implied consent law regardless of whether the State chooses to "charge" a defendant with violating the law. We conclude that the trial court lacked jurisdiction over the implied consent law violation. Therefore, the trial court's ruling that the appellant violated the implied consent law must be reversed.

In this state, "[a]ny person who drives any motor vehicle . . . is deemed to have given consent to a test for the purpose of determining the alcoholic or drug content of that person's blood; provided, that such test is administered at the direction of a law enforcement officer having reasonable grounds to believe such person was driving while under the influence of an intoxicant or drug." Tenn. Code Ann. § 55-10-406(a)(1). Before conducting the test, the police officer "shall . . . advise the driver that refusal to submit to such test will result in the suspension of the driver's operator's license by the court." Tenn. Code Ann. § 55-10-406(a)(2). If the driver is arrested for DUI but refuses to consent to the test, after the officer has advised the driver that refusal will result in a revocation of the driver's license, the driver violates the implied consent law.

A violation of the implied consent law is not a crime unless the driver is driving on a license which has been revoked, suspended, or cancelled as a result of the driver having been convicted of a certain enumerated offense. See Tenn. Code Ann. § 55-10-406(a)(3). In that case, the driver "commits a Class A misdemeanor and shall be fined not more than one thousand dollars ($ 1,000) and shall be sentenced to a minimum mandatory jail or workhouse sentence of five (5) days which shall be served consecutively, day for day, and which sentence cannot be suspended." Tenn. Code Ann. § 55-10-406(a)(3). Otherwise, the civil penalty for violating the law is a revocation of the driver's license for a period of time designated by the statute. See Tenn. Code Ann. § 55-10-406(a)(3)(A)-(D); see also State v. Turner, 913 S.W.2d 158, 163 (Tenn. 1995) (providing that the implied consent law is not "a criminal statute, but a statute which confers an administrative penalty"). In either case, the determination as to whether a driver violated the implied consent law "shall be made at the same time and by the same court as the one disposing of the offense for which such driver was placed under arrest." Tenn. Code Ann. § 55-10-406(a)(3).

The implied consent law statute provides that if a person has been arrested for DUI and has been asked to submit to such a test by an officer but refuses to do so, the person "shall be charged with violating this subsection." Tenn. Code Ann. § 55-10-406(a)(3) (emphasis added). Moreover, "[a]ny person who violates the [implied consent law] by refusing to submit to the test . . . shall be charged by a separate warrant or citation that does not include any charge of violating the [DUI

statute] that may arise from the same occurrence." Tenn. Code Ann. 55-10-406(a)(4) (emphasis added).[2]

We have reviewed the legislative history of subdivision (4), which was added to Tenn. Code Ann. § 55-10-406(a) in 1998. Our review reveals that the primary purpose behind the amendment was to ensure that implied consent law violations were charged separately from DUIs. According to the legislators, defendants were "copping pleas" and pleading guilty to DUIs in return for the State's dismissing the implied consent law violations. The legislators, frustrated that fewer defendants were being found to have violated the implied consent law, believed that charging the implied consent law violation separately from the DUI would stop this plea bargaining practice. See Tenn. G. Assemb., 100th G.A., 2d Sess. (1998), Transportation Committee, Senate (Apr. 15, 1998, tape #1) (statement of Senator Gilbert). The fact that (a)(4) requires an implied consent law violation to be "charged" by a warrant or citation demonstrates to us that the State still must initiate the action against a defendant and that a trial court cannot sua sponte find a defendant guilty of violating the implied consent law. See also State v. Collins, 166 S.W.3d 721, 728 (Tenn. 2005) (stating in an implied consent case that "the State may seek to suspend Collins' driver's license, but that the State may not seek a suspension of greater than one year").

Having found that the State must charge a defendant with the offense, we note that the trial court in the instant case determined that the affidavit of complaint was itself the charging instrument, noting that "the affidavit of complaint was filed in this court jacket. It's filed. It's part of our court system." The appellant argued to the trial court that the affidavit of complaint, standing alone, did not provide him with formal notice that he was being charged with the offense. We agree. Tennessee Rule of Criminal Procedure 3 provides that an affidavit of complaint "is a written statement alleging that a person has committed an offense and alleging the essential facts constituting the offense charged." "If it appears from the affidavit of complaint or supporting affidavits filed with the affidavit of complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall be issued." Tenn. R. Crim. P. 4(a). An arrest warrant "serves a dual function, first, as the authority for an arrest . . . and, secondly, as a statement of the charge which the accused is called upon to answer." Tenn. R. Crim. P. 4, Advisory Commission Comments. Based upon the facts alleged in the affidavit of complaint and any supporting affidavits, a warrant may or may not be issued. Therefore, an affidavit of complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an affidavit of complaint, with nothing more to provide a defendant with notice, is not a charging instrument.

---

[2]This court has previously held that charging a defendant with violating the implied consent law by indictment is acceptable. See, e.g., State v. Frank Peter Pinchak, No. E2004-01184-CCA-R3-CD, 2005 WL 946752, at *3 (Tenn. Crim. App. at Knoxville, Apr. 25, 2005), perm. to appeal denied, (Tenn. 2005); State v. Michael Douglas Willis, No. E2002-00769-CCA-R3-CD, 2002 WL 31556510, at *3 (Tenn. Crim. App. at Knoxville, Nov. 19, 2002). The legislative history of (a)(4) reveals that the legislators intended for the implied consent law violation and the corresponding DUI to be charged in separate instruments. Although the statute provides that they should be charged "by a separate warrant or citation," we believe that charging the violations in separate indictments satisfies the legislators' intent.

### III. Conclusion

Based upon the record and the parties' briefs, we reverse the trial court's finding that the appellant violated the implied consent law and the revocation of the appellant's driver's license. We also note that the judgment of conviction for reckless driving shows that the appellant was to receive judicial diversion as part of his sentence. However, the trial court did not mention judicial diversion at the sentencing hearing. Generally, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. See State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). Therefore, we remand the case to the trial court in order for it to clarify on the record whether the appellant should receive judicial diversion for the reckless driving conviction.

_____

NORMA McGEE OGLE, JUDGE